MICKS *v.* MASON.

1. MUNICIPAL CORPORATIONS — ORDINANCES — FIRE LIMITS — NUI-
   SANCES—ABATEMENT.
   A municipality, possessing delegated authority to fix fire limits
   and to direct the manner of constructing buildings within
   such district with respect to protection against fire, may, by
   ordinance, provide that any building not constructed in ac-
   cordance with the terms of the ordinance shall be deemed a
   nuisance, and authorize its abatement as such without a
   judicial determination that it is a nuisance.

2. JUDGMENT—RES ADJUDICATA—MATTERS CONCLUDED.
   An acquittal by a jury in justice's court, on a prosecution for
   violation of a city ordinance establishing fire limits, is not
   conclusive against the city in a subsequent bill for an injunc-
   tion to restrain the city officers from removing the building
   in question as a nuisance because erected in violation of the
   ordinance.

Appeal from Delta; Stone, J. Submitted April 4,
1906. (Docket No. 8.) Decided July 23, 1906.

Bill by William J. Micks against Charles D. Mason,
mayor, and Nels J. Gormsen and others, members of the
common council of the city of Gladstone, to restrain the
destruction of a building erected in violation of an ordi-
nance establishing fire limits. From a decree for com-
plainant, defendants appeal. Reversed, and bill dis-
missed.

*Cummiskey & Yelland,* for complainant.

*G. R. Empson,* for defendants.

MONTGOMERY, J. The defendant Mason is mayor of
the city of Gladstone. The other defendants are members
of the common council. An ordinance of the city prohib-
its the construction within certain fire limits of buildings
not complying with certain specifications, as follows:

"The outside and party walls of all buildings hereafter to be erected within said limits shall be built of stone or brick or other fireproof material, and when brick or stone is used the first-floor walls shall be not less than one foot thick; second story not less than eight inches thick. The roofs of all such buildings shall be composed of metal, slate, gravel, or other fireproof material. The gutters of all such buildings shall be made of metal. The cornice shall be made of metal, brick or stone and securely fastened. All division walls shall be of stone or brick and shall extend at least one foot above the sheathing of the roof, and in no case shall the sheathing of the roof extend across any division or end walls, and all openings in division walls shall be protected by tight iron doors."

The complainant undertook to build a building within the fire limits the outer wall of which consisted of wooden studding with a covering of sheet iron. The officers of the city served notice upon complainant that he was violating the ordinance, but he persisted in constructing the building planned. The defendants threatened to raze the building, and thereupon this bill was filed to restrain such action.

The bill avers, amongst other things, that the complainant was arrested for violating the ordinance by constructing the building in question and, on a trial in justice's court, acquitted. It was also averred that the building as constructed complied with the ordinance. The circuit judge was of the opinion that the building did not comply with the requirements of the ordinance, but also held that it could not be abated as a nuisance in advance of a judicial determination that it was a nuisance, and granted an injunction prohibiting its destruction. In reaching this conclusion the circuit judge relied largely upon the case of the *Village of St. Johns* v. *McFarlan*, 33 Mich. 72, which contains language which may be said to support the ruling of the circuit judge. It was said:

"The erection of a wooden building within the limits of a city or village is not in and of itself a nuisance. Neither does the fact that the erection of such is prohibited by ordinance make it a nuisance."

This language must be construed with reference to the case in hand, and, in our opinion, the case cited is one which should be considered a precedent only for cases which present the same features. In that case the village sought to interfere by injunction. The point decided was that the ordinance itself should provide the remedy, and that the fact that the remedy was not adequate which had been provided in that case could not give the court of equity power to interfere. There was no provision in the ordinance involved in that case authorizing its enforcement by destruction of the building, nor was there a declaration that a building constructed in defiance of its terms should be deemed a nuisance. Both of these provisions appear in the ordinance here in question.

The question here is whether a municipality in pursuance to delegated authority to fix fire limits and to direct the manner of constructing buildings within such district with respect to protection against fire may, by ordinance, provide that a building not so constructed shall be deemed a nuisance and authorize its abatement as such. Such right was not negatived by *Village of St. Johns* v. *McFarlan*, supra, and has never been denied by this court. The question has often arisen in other jurisdictions, and, so far as our examination enlightens us, the authority to abate new buildings constructed in violation of existing ordinances has been affirmed whenever the question has arisen. Not in all cases has the right to abate been rested on the ground that a building not constructed in compliance with the ordinance is a nuisance per se, but in some it has been deemed sufficient to say that the building so erected was erected in defiance of law; but, whatever the reasoning adopted, the right has been affirmed. See *Hine* v. *City of New Haven*, 40 Conn. 478; *Baumgartner* v. *Hasty*, 100 Ind. 575; *First Nat. Bank of Mt. Vernon* v. *Sarlls*, 129 Ind. 201 (13 L. R. A. 481); *Com.* v. *McDonald*, 16 Serg. & R. (Pa.) 390; *Inhabitants of Arundel* v. *McCulloch*, 10 Mass. 70; *Klingler* v. *Bickel*, 117 Pa. 326 (distinguishing *Fields* v. *Stok-*

*ley,* 99. Pa. 306, cited by the circuit judge); *Ford* v.
*Thralkill,* 84 Ga. 169; *McKibbin* v. *Fort Smith,* 35
Ark. 352; *Eichenlaub* v. *City of St. Joseph,* 113 Mo.
395 (18 L. R. A. 590); Freund on Police Power, § 528.
Quite different considerations arise, either if the ordinance
does not authorize the destruction of the building, or if the
building be one in existence when the ordinance is passed,
or if the building is attacked as a nuisance because of its
particular use.

Since the case was submitted we have invited briefs on
the question as to whether the acquittal of complainant on
the trial in justice's court is res adjudicata of the question
here involved. Upon the coming in of these briefs it is
made to appear that the situation of the building has been
much changed since the trial of the justice's court case,
the same having been enlarged. Assuming, however,
that the question is properly here, we do not think the de-
cision in the criminal case was res adjudicata. The au-
thorities are not agreed. The case of *Coffey* v. *U. S.,*
116 U. S. 436, supports complainant's contention. The
court, however, failed to cite the earlier case of *Riker* v.
*Hooper,* 35 Vt. 457, or to answer satisfactorily its reason-
ing. The latter case was distinctly rested upon the con-
sideration that the proof required in a civil case is only
proof by a preponderance of evidence, and in a criminal
case proof beyond a reasonable doubt is required. It was
held that a civil action between the same parties was not
res adjudicata in a criminal proceeding. The reason for
the conclusion of the court in *Coffey* v. *U. S.* is not stated.
The holding in that case is entitled to great weight be-
cause of the eminence of the court pronouncing the judg-
ment, but on full consideration we are convinced that
reason and the weight of authority favor the other rule.
A similar conclusion to that reached in the Vermont case,
where the converse of the proposition was presented, was
reached in *People* v. *Rohrs,* 49 Hun (N. Y.), 150. The
rule also has the support of Judge Van Fleet in his valu-
ble work on Former Adjudication (section 488). In *Peo-*

*ple* v. *White Lead Works*, 82 Mich. 471 (9 L. R. A. 722), which was a prosecution for maintaining a nuisance, it was assumed that the judgment was not res adjudicata. It was said:

" While no other conclusion than affirmation of the judgment (of conviction) is possible under this record, we deem it proper to say that we shall not consider the result now reached as binding upon us in another proceeding where the evidence and the facts may be fully presented."

The decree is reversed, with costs of both courts, and the bill dismissed.

GRANT, BLAIR, OSTRANDER, and HOOKER, JJ., concurred.