## City of Monticello v. Bates.

(Decided February 19, 1915.)

### Appeal from Wayne Circuit Court.

1. Injunction—Subjects of Protection and Relief—Criminal Acts and Prosecutions—Municipal Ordinance Defining Fire Limits.—As a general rule the Chancellor will not grant an injunction restraining the erection of a building made of inflammable material within a designated fire district, where the ordinance establishing the fire district further provides the infliction of a penalty for its violation; but the rule does not apply where the infliction of the penalty does not furnish a full, complete and adequate remedy.

2. Injunction—Ordinances—Violation of—Remedies.—The infliction of a small fine for the violation of such an ordinance would not dispose of the menace to nearby property, and if the menace would remain after the infliction of a fine it necessarily follows that the remedy would be inadequate.

3. Injunction—Police Court Without Power to Grant.—The police court has no power to grant an injunction; nor has it the power to enforce the removal of a house from a fire district, as the house after its erection is a part of the real estate.

O. B. BERTRAM, JOE BERTRAM & SON and JAMES GARNETT for appellant.

DUNCAN & BELL and HARRISON & HARRISON for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Reversing.

The City of Monticello is the county seat of Wayne County, and is a city of the fifth class.

In 1904 there was enacted by the authorities of the city an ordinance providing that no one should erect any building or structure therein without the permission of the Board of Trustees of the town, and providing that any violation thereof should be punished by fine not to exceed $100. By another section it was provided that no such building or structure should be erected until the party desiring to erect the same should file with the town clerk an application for a permit so to do, together with the plans and specifications of the proposed structure; and that any building or structure erected without such permission would be subject to removal by order of the trustees at any time within twelve months after the erection thereof, at the expense of the owner.

In May, 1905, the City Council passed another ordinance fixing a fire district within said city, and provided that the city authorities should not grant a permit to erect or repair any building within the said fire district except out of brick or stone.

On the 13th of April, 1914, appellee made application in writing to the Mayor and City Council for a permit to erect a building within the fire limits. Said application is as follows, to-wit:

"Monticello, Kentucky, April 13th, 1914. To the Honorable Mayor and City Council of Monticello, Kentucky. Gentlemen:—I respectfully ask that I be granted a permit to erect a garage on the lot recently purchased by me adjoining the Huffaker lot and fronting the Post Office on Cross Main street, said building to be 36x80 feet, 18 feet high and what is known as a brick veneered building, as follows: To be framed and sheathed with four inches of brick outside of said sheathing, same to have a steel or galvanized roof. Respectfully, H. Bates."

At said meeting the Council, after considering said application, granted the permit as shown by the following order then entered, to-wit:

"Upon motion and second it is ordered that H. Bates be and he is hereby granted a permit to erect a brick veneered building on his lot on Short street in the town of Monticello, Kentucky, said lot being on the south side of Short street and being the same lot purchased by said Bates from Nannie Oats. Said building to be

30 feet wide and 80 feet long and the frame shall consist of sills and studding and plates and rafters; the studding to be not less than 8 feet apart and the roofing to be of metal. The brick veneering of said building shall be made of whole brick, no bats to be used, and said brick veneering shall be built from the ground and extended to the eaves of said building so that none of the wood framing will be exposed, except on the side of said building next to the J. C. Huffaker building and in front. On the side of the building next to J. C. Huffaker's building said brick wall shall extend above the eave of said building so as to make and constitute a fire wall. The brick veneer in front shall be built up square with the fire wall and shall make and constitute a fire wall for the front of said building. Said building to be completed as to the framing, brick veneering and roofing; that is said building shall be fully completed as to all parts before same shall be used or occupied for any purpose. Said building when completed shall be used as a garage in which motor vehicles are stored and cared for and repaired. Said building shall be so located so as to be 30 feet at the nearest point from the end of the J. C. Huffaker building. W. E. Woodron, Mayor. Attest: J. B. Bradley, City Clerk.''

This is an equitable action by the city against the appellee wherein it is alleged that, after the granting of the said permit and upon the site named therein, and within the corporate limits of the city and within the fire district as described in the ordinance, appellee had erected a wooden building, 36 feet wide, 80 feet long, and 18 feet high, and that the same was a frame building and boxed with lumber, and that appellee was using the same in that condition as a garage where motor vehicles are kept and cared for; it is alleged that the defendant had violated his permit and the terms thereof in that he had refused to make said building a brick veneered building as contemplated in his application for a permit and in the permit granted thereunder.

The plaintiff prayed for a mandatory injunction either compelling the defendant to complete said building according to the terms of the permit, or requiring him to remove said building outside of the fire district created by the ordinance; and further that the defendant be enjoined from using or occupying said building until one or the other of said things was done.

The defendant demurred specially to the petition upon the ground that the court had no jurisdiction of the subject matter, which demurrer the court sustained and dismissed the petition, and the city has appealed.

While the record does not disclose upon what ground the demurrer was sustained, we gather from the briefs that the lower court was of opinion that the police court of Monticello, under the provisions of the charter for cities of the fifth class, and under the terms of the ordinances referred to, had exclusive jurisdiction to enforce the ordinances either by inflicting penalties for their violation, or to give the proper relief in a civil proceeding; although it is conceded in the brief for appellee that the police court had no power to hear or determine an injunction proceeding.

Sec. 3651 of the Kentucky Statutes, which is a part of the charter for cities of the fifth class, after establishing a police court therein, further provides:

"Said police court shall have jurisdiction concurrent with the justices' courts of all actions and proceedings, civil and criminal, except that in criminal cases the jurisdiction shall be confined to cases occurring within the city, and shall always be open for trial of criminal and penal causes; and shall hold monthly terms of said court for the trial of civil cases, the terms to be fixed by the city council, and shall have exclusive jurisdiction of all actions for the recovery of any fine, penalty or forfeiture prescribed for the breach of any ordinance of such city, of all actions founded upon any obligations or liability created by any ordinance, and of all prosecutions for any violations of any ordinance."

While it is the general rule that when there is an ordinance prohibiting the erection of buildings made of wood or other inflammable material within the limits of a designated fire district, which also provides a remedy for its violation by prosecution and the infliction of a penalty, a court of equity will not grant an injunction restraining the erection of such building (Joyce on Injunctions, Sec. 1295); but this rule from its very nature is based upon the idea that the penalty provided therein furnishes a full, complete and adequate remedy, and for that reason, and that reason only, the chancellor will not resort to the writ of injunction. But in this case is any adequate or complete remedy provided? The ordinance prescribing the limits of the fire district provides

no penalty by fine or imprisonment for its violation. But it is argued that the ordinance prohibiting the erection of buildings within the city without first procuring a permit does provide a penalty for its violation, and that if the appellee erected within the city and within the fire district such a building as was not contemplated by the permit issued to him, he was guilty of erecting the same without a permit, and could therefore be punished under the ordinance of 1904. Assuming this position to be correct, and that appellee might be punished by the police court for the violation of that ordinance, the question still remains, is that an adequate and complete remedy? That ordinance only provides for the infliction of a fine of *not exceeding* $100, and if he was punished under it, even to the full extent, he, having been guilty of but one offense, could only be punished once.

Ordinances creating fire districts in municipalities are upheld as being within the general police power; they are designed to prevent the erection of inflammable buildings in congested districts so as to lessen the danger from fire and conflagration to the adjoining and nearby property. To subject the appellee in this case to a petty fine for his violation of this ordinance would in no sense relieve the other residents and property owners within the fire district from the menace to their property which this building furnishes; that menace would still remain, and therefore necessarily it follows that the remedy against him would be inadequate and incomplete.

It is conceded that the police court has no power to grant an injunction, and it is apparent that it would have had no power to direct or enforce the removal of this house from the fire district, as the house, after its erection, became a part of the real estate, and therefore it could have furnished no adequate remedy either by the exercise of its penal or civil processes.

The judgment is reversed with directions to overrule the special demurrer.