## Johnson v. Doublin, et al.

(Decided January 12, 1916.)

### Appeal from Graves Circuit Court.

1. Statutes—Constitutional Law—Jurisdiction.—The Act of 1914 (Acts 1914, page 141), which attempted to confer jurisdiction upon the county courts of the Commonwealth in certain misdemeanor

cases, is unconstitutional, because, by its terms, it is applicable only to counties not having a continuous session of their circuit courts, and thereby violates section 141 of the Constitution, which requires the jurisdiction of the county courts to be uniform throughout the State.

2. Prohibition—Writ Restraining Trial of One Accused.—A person convicted and confined in jail under the unconstitutional Act of 1914 (Acts 1914, page 141), which attempted to confer jurisdiction upon the county courts of the Commonwealth in certain misdemeanor cases, had a complete legal remedy by a writ of prohibition restraining the county court from trying the accused person for want of jurisdiction, or by appeal to the circuit court, or by habeas corpus proceedings.

3. Prohibition—Writ of—When Equity May Not Be Invoked to Procure Release.—Where a person is confined in jail under a void judgment of a court, and he has an adequate remedy at law to procure his release, he cannot maintain a suit in equity to enjoin the jailer from executing the judgment.

WEBB & WEAKS for appellant.

F. B. MARTIN for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER— Affirming.

The appellant, Johnson, was arrested in September, 1914, upon a charge of assault and battery, and carried before the judge of the police court of the city of Mayfield. Upon his examining trial in that court, he was held to answer at the November term, 1914, of the Graves circuit court. His bail was fixed at $500.00; but, being unable to give a bond, he remained confined in the county jail until October 27th, 1914, when the judge of the county court caused the appellant to be brought before him for trial under the act of 1914, which attempted to confer jurisdiction upon the county courts of the Commonwealth in misdemeanor cases of this character. Acts 1914, p. 141.

Upon a trial, the county court imposed upon the appellant a fine of $250.00, and committed him to hard labor in the county jail for twelve months.

Being in jail under said judgment, appellant brought this action in equity, on February 18th, 1915, against Doublin, the county jailer, seeking to enjoin him from enforcing the judgment of the county court; and, the circuit court having sustained a demurrer to his petition, Johnson appeals.

In the late case of Kilbourne, Judge v. Chapman, 163 Ky., 136, the act of 1914, under which Johnson was con-victed, was held to be unconstitutional upon the ground that since it applied only to counties not having a con-tinuous session of their circuit courts, it thereby vio-lated section 141 of the Constitution, which requires the jurisdiction of county courts to be uniform throughout the State.

In the Kilbourne case, *supra*, this court affirmed the judgment of the circuit court, which had issued a writ of prohibition restraining the county court, for want of jurisdiction, from trying the defendant, Chapman, un-der the act of 1914. See also Commonwealth v. Yung-blut, 159 Ky., 90.

It is clear, therefore, that the Graves county court was without jurisdiction to try appellant, and that its judgment was, consequently, void.

The same legal remedy by a writ of prohibition was open to the appellant, Johnson, but he declined to avail himself of it.

Furthermore, appellant had a legal remedy by appeal to the circuit court; but he likewise failed to avail him-self of that remedy. Kentucky Statutes, section 1268; Klyman v. Commonwealth, 97 Ky., 484.

The judgment being void, the appellant also had a complete and adequate legal remedy by *habeas corpus* proceedings; but he also failed to avail himself of that remedy. 21 Cyc., 296. That remedy is yet open to ap-pellant.

The rule that equity will not interfere where the plaintiff has an adequate remedy at law, had its rise in the very foundation of the High Court of Chancery, which was created for the purpose of granting relief only in those cases where there was no remedy at law, or where the remedy at law was inadequate. It is a matter of history that the High Court of Chancery of England was created for the purpose of supplying the deficien-cies of the legal remedies, and that it would not take jurisdiction where a complete, full and adequate legal remedy existed. The rule still obtains except where it has been changed by statute.

In Smiser v. Cynthiana, 29 Ky. L. R., 1244, 97 S. W., 35, Smiser sought an injunction to prevent the mayor, the police judge, and other officers of the city from prosecuting him under a warrant for a violation of a city ordinance; but, in refusing an injunction, this court said:

"It will thus be seen that the appellant has a most ample remedy for any injury that may be done him under the ordinance warrant, and any defense which he has he can show in the criminal proceeding against him. No rule of equity jurisprudence is better settled than that an injunction will not lie to restrain criminal procedure for the infraction of penal laws, whether State statutes or municipal ordinances. L. & N. R. R. Co. v. Barrall, 25 Ky. Law Rep., 1395; Ludlow & Cincinnati Coal Co. v. City of Ludlow, 102 Ky., 354, 19 Ky. Law Rep., 1381; Shinkle v. City of Covington, 83 Ky., 420; 7 Ky. Law Rep., 412; in re Sawyer, 124 U. S. Rep., 209; Rogers v. Cincinnati, 5 McLean (U. S.), 337; Am. & Eng. Ency. of Law, 2nd Ed., vol. 16, p. 337.

"There being no equity in the bill, the court was correct in dismissing it."

It is apparent, therefore, that appellant has mistaken his remedy in applying for an injunction against the jailer to prevent him from obeying the mandate of the court.

It follows that the judgment must be affirmed; and it is so ordered.