City of Oberlin v. Keys.

No. 24,007.

THE CITY OF OBERLIN, *Appellee*, v. GEO. W. KEYS, *Appellant*.

SYLLABUS BY THE COURT.

1. INJUNCTION — *Enjoining Reconstruction of Frame Building Within Fire Limits — City Ordinance.* A city of the third class may enjoin the reconstruction or repair of a frame building under an ordinance establishing fire limits and providing that a frame building located therein may not be rebuilt or replaced when damaged more than 50 per cent of its value.

2. SAME—*Findings Sustained by the Testimony.* The testimony examined and found sufficient to support the findings that defendant's building was damaged more than 50 per cent of its value.

3. SAME—*No Reversible Error in Record.* Other questions examined and no reversible error found.

Appeal from Decatur district court; WILLARD SIMMONS, judge. Opinion filed May 12, 1923. Affirmed.

*L. H. Wilder,* of Norton, for the appellant.

*A. C. T. Geiger, W. S. Langmade,* and *V. D. Woodward,* all of Oberlin, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: Defendant appeals from a judgment enjoining him from repairing a frame building owned by him and located within certain fire limits of the city of Oberlin.

Defendant's building was damaged by a fire which occurred December 23, 1920. At that time ordinance No. 30 of the city of Oberlin provided that if a wooden or frame building located within such fire limits were damaged more than 50 per cent of its value that such building should not be repaired or rebuilt. The city, on January 5, 1921, passed ordinance No. 114 which was published January 6, providing in substance that wooden or frame buildings within the fire limits could not be repaired or rebuilt if the damage thereto by fire exceeded 10 per cent of their value exclusive of foundation and vaults. After the passage of this later ordinance the city brought this action and secured judgment enjoining the defendant from reconstructing his building.

The defendant contends that the property was not damaged 50 per cent of its value; that ordinance No. 114 was not enacted until after the fire; that he had a vested right, at the time of the fire and immediately thereafter, to rebuild or repair his building which the city could not abrogate by the enactment of a new ordinance; that

ordinance No. 114 could not be made retroactive, and that it was void because of unreasonableness. The validity of ordinance No. 30 was not challenged.

The evidence was conflicting as to the amount of damage to the building. The conflict was resolved by the court in favor of the plaintiff. Among other things the court found, that the city of Oberlin is a city of the third class; that the defendant at the time of the fire owned the building in controversy within the fire limits; that such fire occurred about 4 o'clock on the morning of December 23, 1920; that on that date ordinance No. 30 was in full force and effect; that ordinance No. 114 was passed January 5, 1921, and published in the official city paper on January 6, 1921; that the building was actually damaged to an amount greater than 10 per cent and to an amount greater than 50 per cent exclusive of foundation and vault; that the actual cost of repair of such building is 75 per cent of its value at the time of the fire; that the building being damaged over 50 per cent, exclusive of foundation and vaults, could not be repaired under ordinance No. 30 or ordinance No. 114.

It would serve no useful purpose to detail the evidence here. It was ample to sustain the findings of the court that the building was damaged in excess of 50 per cent of its value. Under the familiar rule that, where there is a substantial conflict in the evidence, but sufficient testimony to support the findings of the trial court, such findings will not be disturbed on appeal. There appears no justifiable reason in this case for setting them aside. This conclusion makes it unnecessary to pass on other objections raised by defendant to ordinance No. 114.

It may be noted, however, that under the expanding modern interpretation of the police power, the contentions of the defendant that he had certain vested rights which could not be affected and that the ordinance was retroactive are not tenable. (*Ware v. City of Wichita*, ante, p. 153; 28 Cyc. 741; 6 R. C. L. 193; 51 L. R. A. n. s. 62.)

Whether under all the circumstances, it was reasonable to adopt a provision preventing the repair of a building damaged only 10 per cent is doubtful but need not be decided. If ordinance No. 114 was void, then ordinance No. 30 was still intact. The later ordinance did not expressly repeal the earlier one. Other questions as to the admissibility of testimony, the weight thereof, the refusal of the court to set aside certain findings, have all been considered, but we find nothing to warrant a reversal of the case. The judgment is affirmed.