## Robinson v. Town of Paintsville.

(Decided May 18, 1923.)

## Appeal from Johnson Circuit Court.

1. Estoppel—Consent to Erection of Other Buildings, in Violation of Fire Limits, is Not Defense.—The fact that a city, through its engineer, had consented on prior occasions to the construction of prohibited buildings within the fire limits fixed by an ordinance, and that the withholding of a permit from defendant to construct his building would discriminate against him, is no defense to a mandatory injunction to compel removal of a building erected without a permit.

2. Injunction—Mandatory Injunction Not Issued, if Remedy at Law is Adequate.—A mandatory injunction will not be granted, unless there exists no remedy at law or, if there is one, unless it is inadequate to obtain the relief sought.

3. Injunction—Ordinance Not Enforced by Injunction, if Action to Recover Penalties is Adequate.—A city ordinance will not be enforced by injunction, if an action at law to recover the penalties prescribed for its violation is adequate to give the relief sought.

4. Injunction—Penalties for Violation of Fire Limits Held Adequate. —A penalty of $25.00 a day for each day's violation of a municipal ordinance, prohibiting the erection of certain buildings within the fire limits, is adequate to grant relief against one who had already erected such a building, since a prosecution for one day's violation would not bar subsequent prosecutions, and the repeated prosecutions would give the city any relief to which it was entitled.

W. H. VAUGHAN & SON for appellant.

Z. WELLS for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

In this equity action, filed in the Johnson circuit court by the appellee and plaintiff below, town of Paintsville, against appellant and defendant below, Enoch W. Robinson, plaintiff sought a mandatory injunction to enforce the observance by defendant of an ordinance of the town prescribing a fire limit and directing what character of buildings should be constructed therein, and forbidding the construction or maintenance of other buildings therein except such as were described in the ordinance, which also forbade any of them to be constructed or maintained without a duly obtained permit from the city engineer. It was averred in the petition that defendant had violated the ordinance by constructing within the defined

fire limits a building forbidden by it and without obtaining the required permit. One section of the ordinance prescribed a penalty for its violation and fixed a punishment of a fine of not less than $5.00 nor more than $25.00 for each offense, and provided that each day of such violation should constitute a separate offense. Another section prohibited construction of any character of building within the corporate limits of the town without a permit from the engineer, which section under this court's opinion in the case of City of Monticello v. Bates, 163 Ky. 38, was and is void because of arbitrary power lodged with the engineer. But that section is not involved in this case, since the action is based altogether upon violations of the section creating the fire limits. The demurrer filed by the defendant to the petition was overruled and in his answer he denied violating the fire limit section of the ordinance relied on by plaintiff and further contended that it was also void for the same reason that rendered the other section referred to invalid.

But without determining that question we will dispose of the case upon the theory that the fire limit section prescribes a sufficient standard for the guidance of the city engineer to render it valid and not subject to the objection of lodging arbitrary power with that officer. It was also averred as a defense that the city through its engineer had consented on a number of prior occasions to the construction of prohibited buildings within the fire limits of the ordinance, and that the withholding of a permit from defendant to construct his building would discriminate against him in favor of others, which objection was completely answered by us against defendant's contention in the case of Bates v. City of Monticello, 173 Ky. 244. Considerable proof was taken, about eighty per cent of which was wholly immaterial and irrelevant, and upon final submission the court granted the prayer of the petition and by a mandatory injunction required defendant to remove his building within a designated time and if not done by him within that time the sheriff was directed to remove it, and from that judgment defendant has appealed.

It is conceded that defendant did not obtain the required permit to construct the building involved, and we assume the court found that it was such a one as the ordinance prohibited within the boundary of the fire limits, but which fact we need not and do not determine, since we are convinced that the court erred in overruling the

demurrer to the petition upon the ground hereinafter stated.

It is a fundamental rule of equity that an injunction of the character here involved will not be granted unless there exists no remedy at law, or if there is one that it is inadequate to obtain the relief sought. As an outgrowth of that rule it has been held quite generally by the courts that a municipality or other lawmaking authority may not enforce its laws or ordinances through the remedy of injunction where a penalty is fixed for their violation if the penalty is adequate to enforce the observance, unless the remedy by injunction is expressly provided for in the law or ordinance itself. Thus in McQuillin on Municipal Corporations, vol. 2, section 806, the text says: "Ordinarily, injunction will not lie to prevent threatened violation of an ordinance. The usual remedy is by action to recover the penalties imposed." Among the numerous cases cited in the text are those of St. Johns v. McFarlan, 33 Mich. 72, 20 Am. Rep. 671, and Waupun v. Moore, 34 Wis. 450, 17 Am. Rep. 446; but the text as well as the cases supporting it confines the denial of the right to proceed by injunction to *the municipality* as a complainant, and does not forbid the use of the equitable remedy to prevent threatened or impending violations resulting in special damages to the individual citizen in a suit prosecuted in his name to correct the wrong in so far as it specially affects him. To the same effect is section 1295, vol. 2, of Joyce on Injunctions, wherein the text, which is directed to violations of the precise nature as we have here, says: "Where an ordinance prohibiting the erection of wooden buildings within certain limits, known as fire limits, provides the remedy for its violation, generally by prosecution and the infliction of a penalty, a court of equity will not, it has generally been held, grant an injunction restraining the erection of a building in violation thereof." The St. Johns, and Waupun cases, *supra,* are cited together with a number of others among which is that of Janesville v. Carpenter, 77 Wis. 288, 20 A. S. R. 123, 8 L. R. A. 808, and those cases fully sustain the text as above inserted. In 22 Cyc. 902, the rule is thus stated: "Equity has no criminal jurisdiction, and acts or omissions will not be enjoined merely on the ground that they constitute a violation of law and are punishable as crimes. For instance, injunctions will not be granted to restrain violation of city

ordinances, where the acts complained of do not amount to such a nuisance as equity would restrain.'' In support of the qualification to the statement cases are cited where the injunction was invoked by an *individual* citizen and not resorted to by the *municipality* in order to enforce the ordinance.

The general rule, as above outlined, as well as its soundness, was recognized by this court in the City of Monticello case, *supra* (163 Ky. 38), but the ordinance which the court then had under consideration provided for only one offense for a violation of the ordinance the maximum punishment for which was a fine of one hundred dollars, and, since one prosecution would be a bar to all future violations, it was held that the provided penalty was inadequate for the enforcement of the ordinance and the right to the injunction existed under the exception, *supra,* to the general rule; but the opinion plainly held that *but for that fact* the remedy would not lie in favor of the city in a suit filed by it.

In this case the ordinance makes it possible for defendant to be fined twenty-five dollars for each day's violation by him, and manifestly it cannot be said that the remedy by continuous prosecutions is an inadequate one so as to create the right in the town to the additional equitable remedy of injunction. Following the general rule, *supra,* which with its limitations we regard as perfectly sound, there can be no doubt but that the court erred in refusing to sustain the demurrer filed to the petition. In so holding we do not deprive defendant of a remedy to contest the validity of the ordinance, since that may be done by writ of prohibition obtained from the proper court to prevent his prosecution under it if for any reason it is invalid.

For the reasons stated the judgment is reversed with directions to sustain the demurrer to the petition and for other proceedings consistent with this opinion.