[No. 18184.    Department Two.    April 24, 1924.]

## THE CITY OF SEATTLE, *Appellant*, v. MATT SEIBERT et al., *Respondents*.[1]

MUNICIPAL CORPORATIONS (326)—CONSTITUTIONAL LAW—NUISANCES — ABATEMENT OF FIRE HAZARD — ORDINANCES — VALIDITY — VESTED RIGHTS. Where a property owner maintained a fire hazard in violation of a general fire hazard ordinance, a special ordinance applying to him alone, and declaring a nuisance is not invalid, in so far as it directs the corporation counsel to abate it by legal proceedings, nor because it provided a different method for abatement than that provided in the general ordinance, so long as the property owner had notice and his day in court; there being no vested right in a particular remedy.

Appeal from a judgment of the superior court for King county, Frater, J., entered April 14, 1923, upon granting a nonsuit, dismissing an action to abate a nuisance. Reversed.

*Thomas J. L. Kennedy* and *Hugh R. Fullerton*, for appellant.

*George F. Hannan*, for respondents.

BRIDGES, J.—By this action the appellant sought to abate a nuisance. At the close of its testimony, the court granted a nonsuit and entered a judgment of dismissal.

The testimony tended to show the following facts:

[1]Reported in 225 Pac. 67.

that the respondents are the owners of a certain described lot in the city of Seattle, together with the buildings thereon; that, for at least some months prior to the bringing of the suit, they had been in the habit of placing thereon a considerable amount of dry lumber and pieces of planks and boards. There were also some shavings and other inflammable material. Apparently the respondents obtained this lumber by tearing down old sheds or houses in the city of Seattle. Some of the lumber they used for the construction of small sheds and a little of it they had sold.

The complaint alleged, and there was received in evidence, city of Seattle ordinance No. 36,299, which was a general ordinance and for the most part concerned fire hazards. We will henceforth refer to it as the general, or old, ordinance. One of its sections defined what should be considered as an unlawful fire hazard. Another section made it the duty of the chief of the fire department to take notice of and examine all fire hazards within the city and give notice to persons harboring such to abate them. Another section imposed like duties upon the city fire marshal, and further provides that, "on finding by such inspection (by the fire marshal) any unsafe condition or ordinance violation relating to fire hazards, he shall notify the person responsible for such condition or violation to correct the same and to comply with the city ordinances relating thereto." Another section provides that the owner of such premises, upon being notified by the fire marshal to abate the nuisance, might, if he saw fit, appeal to the board of appeals. Another section provides that any person violating the provisions of the ordinance shall be guilty of a misdemeanor and upon conviction shall be punished in a designated manner.

The complaint also alleged, and the proof showed,

that, shortly before the commencement of this suit, the city council enacted ordinance No. 44,091, § 2 of which declared the respondents' premises to be a nuisance to the public peace, health, safety and welfare, by reason of the fact that said premises, being unfenced and in close proximity to frame buildings, are habitually, strewn with dry boards and lumber so as to constitute a fire hazard, and that such premises be, and they are hereby, declared to be a public nuisance. The owners and occupants of said property are required to abate said nuisance forthwith. Section 3 provides that a certain city official shall deliver to the respondents a certified copy of this ordinance. Section 4 is to the effect that, if the nuisance be not abated within five days after the ordinance becomes effective, the corporation counsel should institute legal proceedings in the name of the city to abate the nuisance. We will refer to this instrument as the special, or new, ordinance. It was further shown that a certified copy of ordinance No. 44,091 was duly served upon respondents more than a month before this suit was commenced, but there is no showing that either the fire chief or the fire marshal ever gave any notice to the respondents that their place was considered a fire hazard and should be abated.

Respondents contend that the testimony was insufficient to show that, as a matter of fact, the premises in question constituted a fire hazard. We are of the opinion, however, that the testimony as introduced by the city was, if uncontradicted, amply sufficient in this respect to require the court to pass on the merit of the facts.

Respondents further strongly contend that the new ordinance is void and unenforcible, and that, since the present action was instituted by virtue thereof, it cannot be maintained. Their argument is that nuisances

such as fire hazards may be declared such only by general ordinances, and that they may not be declared, nor actions taken to abate them, by a special ordinance affecting only a particular person or piece of property, particularly where, as here, there is a prior general fire hazard and public nuisance ordinance. They further argue that the special ordinance is void because it discriminates against them, in that, under its terms, they are required within a definite period to abate the alleged nuisance, while a nuisance maintained by their neighbors may, under the general ordinance, be abated only after notice from the fire marshal and an opportunity given to appeal to the board of appeals. As we understand their argument, it is that a special remedy and proceeding is applied to them, while another and general proceeding and remedy is applied to others.

Under the view we take of this case, it is not necessary for us to decide as to the validity of that portion of the special ordinance which declares that respondents are maintaining a fire hazard. If that portion be eliminated, there still remains a direction by the city legislative authority to the corporation counsel that proceedings be taken by him to abate respondents' premises if they be found to constitute a fire hazard. Certainly no valid objection can be made to this portion of the ordinance. We have, then, the general ordinance which defines a fire hazard and directs its abatement, and a later special ordinance calling on the city's attorney to proceed against this particular property. It is true that this special ordinance provides a somewhat different manner for the abatement of this particular alleged hazard than that provided in the general ordinance, but no property owner has any vested right in a remedy or a course of legal procedure. If the procedure against the respondents is somewhat different from that provided in the general ordinance,

they cannot complain so long as they have an·opportunity to be heard and their day in court. If they are maintaining a nuisance, all that they can demand is that they be given notice thereof and an opportunity to abate it, or if they conceive that they do·not harbor any nuisance, then that they be given an opportunity to so prove. All of these rights are given to them under the special ordinance and under the procedure provided thereby. If the testimony shows that the respondents are maintaining a fire hazard, under the definitions and provisions of the general ordinance, it unquestionably may be abated in any lawful manner other than that provided in the general ordinance.

Manifestly, the trial court granted the nonsuit, not because of the insufficiency of the testimony, but because he thought the special ordinance was void and that this proceeding, being under it and it alone, could not be maintained, for he says:

"I don't think it vests in the legislative power of the city council to pass an ordinance of that character; and secondly, their action should be treated as a nullity. There were other laws amply sufficient under which such a nuisance, if it was a nuisance, could be abated."

In this ruling we think, for the reasons we have given, the trial court was in error and that he should have heard all of the testimony and decided the case upon its merits, and if he was of the belief that a fire hazard was being maintained in violation of the general ordinance, it would be his duty to enter a judgment abating it.

The judgment is reversed and the cause remanded for trial in accordance herewith.

· MAIN, C. J., FULLERTON, PEMBERTON, and MITCHELL, JJ., concur.