## HEERDT v. CITY OF PORTLAND, OR., et al.

(District Court, D. Oregon. October 5, 1925.)

No. 8750.

1. **Municipal corporations** ⊂⊃603—**Police regulation not reviewable, unless arbitrary.**

Police regulation for fire protection cannot be questioned, unless arbitrary.

2. **Municipal corporations** ⊂⊃603—**Thing not fire hazard per se may be declared so by council.**

A thing not a nuisance or fire hazard per se may be declared so by city council, in exercise of police power.

3. **Municipal corporations** ⊂⊃603—**Ordinance prohibiting fuel yards in residential districts held within police power.**

Ordinance prohibiting maintenance of fuel yards in residential districts without permit, passed for purpose of fire prevention, is within police power of city, which may determine what shall constitute a fire hazard, and provide suitable regulations for protection of public, though it may comprise a delimited area to be affected thereby.

4. **Municipal corporations** ⊂⊃603—**Functions of council under ordinance respecting fuel yards is executive and administrative, to be exercised subservient to rules of law.**

Functions of city council under ordinance prohibiting fuel yards in residential districts without a permit are executive and administrative, and in so far as council is authorized to determine whether applicant is maintaining such a fuel yard, it exercises a discretion not arbitrary, but subservient to rules of law.

5. **Constitutional law** ⊂⊃225(1), 296(2)—**Ordinance failing to prescribe conditions under which permit to maintain fuel yard is to be granted held a nullity.**

Ordinance prohibiting maintenance of fuel yards in residential districts without permit granted by city council, which was silent as to conditions compliance with which would entitle applicant to permit, *held* to give council arbitrary power respecting private property, violative of Fourteenth Amendment to Constitution.

In Equity. Suit by Martin Heerdt against City of Portland, Or., and others. On defendants' motion to dismiss. Motion denied.

Simon, Gearin, Humphreys & Freed, of Portland, Or., for plaintiff.

Franks Grant, City Atty., and R. A. Imlay, both of Portland, Or., for defendants.

WOLVERTON, District Judge. This case was presented upon motion of the defendants to dismiss. It arises out of the contention that a certain ordinance is void as in contravention of plaintiff's constitutional rights. On June 6, 1917, an ordinance, entitled "An ordinance on public safety and general welfare," was adopted by the city of Portland. Its article III related to "Fire Prevention." On April 11, 1923, article III was amended to read:

"It shall be unlawful for any person hereafter to maintain or to establish on any vacant lot in any residential district in the city any fuel yard, lumber yard or second-hand lumber yard, or to store or keep for any purpose any lumber or second-hand lumber on any vacant lot in any such residential district (except during actual building operations for which such lumber is being used) without a permit from the council. The application for such permit shall be accompanied by a plan giving location of the lot in question, together with all buildings within a radius of 200 feet from such lot, and giving also the names and addresses of owners of such buildings."

Another section defines the term "residential district."

The plaintiff made application to the city council for a permit to maintain his wood yard, in form and manner as specified in the ordinance, but the application was made under protest, and it challenged the authority of the city to require plaintiff to secure a permit under the ordinance, and as well the validity of the ordinance itself. The attack upon the validity of the ordinance and the manner of its administration is presented in two aspects, namely:

(1) Wood yards not being injurious to the health, morals, or safety of the people, it is beyond the police power of the city of Portland to prohibit their maintenance in residential districts.

(2) The ordinance furnishes no rule of action or standard to which the plaintiff and other persons maintaining wood yards in residential districts can conform and thereby be entitled to permit from the city council.

It is not essential at this time to discuss the extent to which action may be regulated under what are known as police powers. Such powers are very broad and comprehensive, and the only question here is whether the city council, in enacting the ordinance in question, has exceeded its province in its exercise of such powers.

[1-3] The exercise of the power in this instance was for fire prevention; so it was enacted that it shall be unlawful for any person to maintain any fuel yard on any vacant lot in any residential district. The law-making body exercised its discretion, as in its wisdom it was authorized to do, in adopting the ordinance. For the exercise of such discretion, its enactment cannot be called in question, unless it proceeded arbitrarily and without any plausible reason therefor. Without question, the city council was authorized to legislate for fire prevention within any residential district as defined by the ordinance. But it is insisted that it was without the authority of the city council to make that a nuisance which is not a nuisance per se; in other words, to make that a fire hazard which is not such a hazard per se. This insistence is not tenable, for it is clearly within the power of the council, in its exercise of police regulations, to determine what shall constitute, under certain conditions, a fire hazard, and to provide suitable regulations for the protection of the public, though it may comprise a delimited area to be affected thereby. This is deducible from the cases of Reinman v. Little Rock, 237 U. S. 171, 35 S. Ct. 511, 59 L. Ed. 900, Sligh v. Kirkwood, 237 U. S. 52, 35 S. Ct. 501, 59 L. Ed. 835, and Hadacheck v. Los Angeles, 239 U. S. 394, 36 S. Ct. 143, 60 L. Ed. 348, Ann. Cas. 1917B, 927. Yick Wo. v. Hopkins, 118 U. S. 356, 6 S. Ct. 1064, 30 L. Ed. 220, when read in view of the principle involved, is not opposed to this conclusion.

[4] The next contention is that the ordinance furnishes no rule of action or standard to which parties affected may conform to entitle them to a permit. The functions of the city council are executive and administrative, to see that the ordinance is properly and effectively observed, and that the purpose thereof is duly and assiduously subserved and promoted, and in so far as it is authorized to determine whether the applicant is maintaining such a fuel yard it exercises a discretion, not arbitrary, but subservient to the rules of law.

[5] But, notwithstanding the ordinance has rendered it unlawful to maintain a fuel yard within a residential district, it assumes to authorize the city council to grant a permit to maintain such a yard. The question at once arises respecting conditions in pursuance of which the applicant is entitled to his permit. The ordinance is wholly silent as to this, and but one inference can be drawn, which is that the city council may exercise its own discretion, judicial or capricious, in the premises, and allow a permit to one and not to another under exactly the same conditions. There is no moral test prescribed, nor any rule of action or standard fixed by which the applicant may be controlled or governed, in order to qualify him as a suitable person to be allowed the permit. It is obvious that the ordinance is deficient in this respect, and accords to the city council arbitrary power respecting the plaintiff's property rights, and is therefore a nullity, in view of the Fourteenth Amendment to the Constitution. 19 R. C. L. p. 813, § 118; City of Monticello v. Bates, 169 Ky. 258, 183 S. W. 555; Commonwealth v. Maletsky, 203 Mass. 241, 89 N. E. 245, 24 L. R. A. (N. S.) 1168.

The motion to dismiss will be denied.