11 P.(2d) 962

**TOWN OF GALLUP v. CONSTANT.**
No. 3727.

Supreme Court of New Mexico.
May 21, 1932.

A. T. Hannett, of Albuquerque, for appellant.

Mann & Wilson, of Albuquerque, for appellee.

SADLER, J.

The appellant, D. M. Constant, seeks reversal of a decree of the district court of McKinley county restraining the continued erection of certain frame or wooden automobile camp cottages on property owned by him in the town of Gallup and ordering the summary removal of eight of such cottages theretofore erected. The injunction issued at the instance of the town of Gallup in aid of its Ordinance No. 202 prescribing fire limits, requiring the procural of a permit before building operations should be carried on within such limits and defining the kind and character of permissible construction. It is conceded that the buildings in question are within the fire limits as fixed by said ordinance. Appellant does not dispute the fact that his buildings are of a kind, being wooden, whose construction within such limits is prohibited by the ordinance, nor that he proceeded in the erection of same without the required permit.

It appeared from the evidence, and the court found, that these frame cottages, constructed not more than eight feet apart, were in such proximity to each other and to thirteen other like structures and a certain one-story frame stucco building of defendant's, and the whole in such proximity to a residential section of the town, that, in view of the direction of a strong westerly wind blowing 80 per cent. of the time, the same created "an extra fire hazard and a great menace to the lives and property of the citizens of the Town of Gallup."

The appellant invoked an estoppel against the relief sought by reason of the claim, not without support in the evidence, that other violations of said ordinance had been permitted, or, at least, not prosecuted He also laid claim to some equities in his favor from this circumstance: He applied to the town clerk orally for a permit under said ordinance to construct three of the frame cottages in question. He also consulted with the building inspector regarding his oral application. The building inspector informed him that a permit would issue provided it did not result in raising the insurance rates in Gallup. Jointly they despatched a telegram of inquiry to the Underwriters' Association in Denver. The reply advised that the construction of these three buildings would not increase fire rates to the property of any one save that of appellant himself.

Thereupon he proceeded, without permit, to construct not only the three buildings for which permit had been orally applied for, but also the remainder of the ten or twelve cottages practically completed at the time complaint was filed. It seems that on June 29, 1931, a few days following the answer wire from Underwriters' Association, a second wire came from its rate expert advising that the construction of the three cottages would result in a raise of fire insurance rates all over Gallup. Accordingly, the town board of trustees on June 30th at a regular meeting in-

structed its attorney to stop the further erection of said buildings. Appellant was advised of this action on July, 1st, at which time he had completed the construction of four of said cottages. In addition, he had been given a printed copy of the ordinance when he made his oral application for permit on June 20th.

The appellant, while questioning the reasonableness of the ordinance, places main reliance for a reversal upon the contention that appellee showed no right to the equitable remedy of injunction by its pleading, nor established such right by its proof. On his first contention, we have no hesitancy in saying that no reasons are assigned in argument showing the ordinance in question to be other than a proper exercise by the town's governing board of a power expressly committed to municipal corporations by the provisions of subsection 31 of section 90-402, Comp. 1929. This subsection, for the expressed purpose of "guarding against calamities by fire," authorized municipalities to establish fire limits, prescribe the materials of which buildings should be constructed therein, and to prevent the erection, alteration, repair, etc., of any building or structure, "the outside walls of which are built of wood, or other inflammable material." The manner of exercising this power very wisely has been left to the discretion of the governing boards of the various municipalities of the state. Nothing short of an obviously arbitrary or unreasonable exercise of the power conferred would justify or warrant an interference by the courts with the discretion vested in the town trustees in a matter of this kind. See Page v. Town of Gallup, 26 N. M. 239, 191 P. 460.

The appellant's strongest point, and, as stated, the one upon which his counsel has mainly relied, lies in the contention that no cause of action was stated or established in equity. His position on this argument is made formidable because he is able to draw to its support a respectable array of authorities. See 32 C. J. 276, § 439, and cases cited in note 19, under the topic "Injunctions," and 6 McQuillin on Municipal Corporations (2d Ed.) § 2669, and cases cited in note 97. The cases supporting his position deny equitable relief upon varying grounds. Some hold that the penal provisions of the ordinance furnish a remedy for its enforcement. Others magnify the importance of the doctrine that equity will not enjoin a public nuisance, unless it interferes with property rights. But by far the greater number base their denial of injunctive relief squarely upon the ancient rule that equity will not interfere to prevent a crime. Perhaps all might in one view or another be classified under the doctrine that a complete remedy at law bars relief in equity.

After careful investigation and research, however, we are convinced that the authorities cited and relied upon by the appellant no longer represent the prevailing view, at least, not the sounder view. It now seems settled that, where equitable grounds exist warranting injunctive relief for the protection of public rights, property, safety, or welfare, the

claim to such relief is not weakened or defeated by the mere fact that the act complained of constitutes a crime or is punishable under penal provisions of municipal ordinances. An exhaustive case note on the subject will be found at 40 A. L. R. 1145. Accordingly, the state and its governmental agencies may invoke the powers of equity to enjoin a public nuisance or something in the nature thereof, even though its creation or maintenance is subject to prosecution criminally. The relief is awarded not because of, but notwithstanding, the criminal character of the threatened or consumated act.

There are many instances, particularly among the more modern decisions, in which the courts have granted this relief to restrain the erection or compel the removal of wooden buildings within the fire limits created by municipal ordinances. Some draw upon one, some upon another, source of equitable jurisdiction, but none gainsay the right to it in a proper case. 2 Dillon on Municipal Corporations (5th Ed.) § 727; Heerdt v. City of Portland (D. C.) 8 F.(2d) 871; City of Oberlin v. Keys, 113 Kan. 421, 215 P. 283; City of Monticello v. Bates, 163 Ky. 38, 173 S. W. 159; Galanty v. City of Maysville, 176 Ky. 523, 196 S. W. 169, 171; Robinson v. Town of Paintsville, 199 Ky. 247, 250 S. W. 972; Inhabitants of Houlton v. Titcomb, 102 Me. 272, 66 A. 733, 10 L. R. A. (N. S.) 580, 120 Am. St. Rep. 492; Inhabitants of Town of Skowhegan v. Heselton, 117 Me. 17, 102 A. 772; City of Lewiston v. Grant, 120 Me. 194, 113 A. 181; Micks v. Mason, 145 Mich. 212, 108 N. W. 707, 11 L. R. A. (N. S.) 653, 9 Ann. Cas. 291; Building Commission v. Kunin, 181 Mich. 604, 148 N. W. 207, Ann. Cas. 1916C, 959; Village of Ashley v. Ashley Lbr. Co., 40 N. D. 515, 169 N. W. 87, 92; City of Seattle v. Seibert, 129 Wash. 346, 225 P. 67.

Courts of equity rather generally grant equitable relief by injunction to compel obedience to zoning ordinances enacted by municipalities; the relief being preventive where the violation is threatened and mandatory where accomplished. City of Stockton v. Frisbie, 93 Cal. App. 277, 270 P. 270, 276; Coombs v. Larson, 112 Conn. 236, 152 A. 297, 300; New Orleans v. Liberty Shop, 157 La. 26, 101 So. 798, 40 A. L. R. 1136; Inhabitants of York Harbor v. Libby, 126 Me. 537, 140 A. 382.

When it is recalled that zoning ordinances usually represent an exercise of the police power for a less compelling reason—aesthetic—than fire limit ordinances, which are designed to promote the public safety itself, any distinction between the grounds for equitable relief in support of the two classes of ordinances would seem to make the right to it secure in fire limit cases, if it exists at all in the case of zoning ordinances.

In our view, the want of adequate remedy at law furnishes the true basis of equitable jurisdiction in such cases, though other grounds not infrequently will be found coexistent. Anciently equity extended its relief to abate a nuisance. Inadequacy of legal remedy and irreparable character of the injury were the usual grounds which invoked its jurisdiction in such cases.

In City of Monticello v. Bates, supra, the Kentucky Court of Appeals held that a fine of $100 for erecting a wooden building within the fire limits did not furnish an adequate remedy and granted injunctive relief. The same court in Robinson v. Town of Paintsville, supra, a later decision, held that a fine of $25 per day did furnish adequate remedy, and denied relief. And in Galanty v. City of Maysville, the same court said: "But we do not think the penal features of the ordinance furnish a remedy sufficiently full and adequate to deprive a court of equity of jurisdiction to restrain violations of the ordinance. * * * The only effective remedy in cases like this, when the facts justify its application, is the removal of the building or structure, and this remedy the court has power to apply in a proper state of case, although the ordinance may provide for the infliction of penalties upon the offender."

The importance to municipalities of the right to equitable relief in such cases was tersely stated in the case of Village of Ashley v. Ashley Lumber Company, supra, decided by the Supreme Court of North Dakota. It said: "The question involved is whether a village can maintain a fire district or whether it cannot. Must it tolerate the existence of a building within that district which is erected in defiance of its laws? Building Commission v. Kunin, 181 Mich. 604, 148 N. W. 207, Ann. Cas. 1916C, 959."

In Coombs v. Larson, supra, the Supreme Court of Errors of Connecticut, dealing with a zoning ordinance case, said: "While no express penalties for the violation of any regulation are found in the act of 1923, the town is not remediless, for the strong injunctive arm of equity is available as well as any other remedy known to our law."

Likewise, in City of Stockton v. Frisbie, supra, the power of equity in the premises was affirmed by the California Court of Appeals, in a zoning case, as follows: "But it is too clear, both upon principle and the authorities, of which many are above named, to require further discussion, that where the personal welfare and the property rights of a large number of the inhabitants of a city or town would be detrimentally affected by a violation of a police or sanitary regulation, whether the ordinance provides other means for its enforcement or not, such city or town may itself appeal to a court of equity by means of the forceful and singularly effective writ of injunction (preventive, if the violation is merely threatened or attempted; mandatory, if the violation has already occurred) to restrain such violation or to cause the wrongful effect thereof to be removed."

■■ In the case at bar the penal provision of the ordinance imposes a penalty of $25 for each violation, and provides that each ten days the prohibited conditions are permitted to continue shall constitute a separate offense. The ordinance also provides that structures erected without permit, or not in conformity with the ordinance, shall be removed, and that the imposition of one penalty for a violation of the ordinance shall not excuse the violation or permit it to continue. It does not in terms declare that buildings

erected in violation of the ordinance shall constitute a nuisance. But this was not essential to the right to restrain or abate it.

"While the statute does not in express terms provide that a city or village may summarily destroy a building erected in violation of the provisions of an ordinance prescribing fire limits, we think such power is implied in order to make the ordinance effective. 28 Cyc. 741–743; Baumgartner v. Hasty, 100 Ind. 575, 50 Am. Rep. 830; Lemmon v. Guthrie, 113 Iowa, 36, 84 N. W. 986, 86 Am. St. Rep. 361; Micks v. Mason, 145 Mich. 212, 108 N. W. 707, 11 L. R. A. (N. S.) 653 [9 Ann. Cas. 291]; McKibbin v. Ft. Smith, 35 Ark. 352; Hine v. New Haven, 40 Conn. 478. We do not consider it important that the statute or ordinance does not in express terms declare a building erected in violation of such an ordinance to be a nuisance. Klingler v. Bickel, 117 Pa. 326, 11 A. 555." Beem v. Davis, 31 Idaho, 730, 175 P. 959, 961.

"The zoning ordinance in this case does not, in terms, declare that the prescribed business establishment shall be deemed a nuisance. But the declaration that the establishment is unlawful, and that the proprietor shall, on conviction, be punished by fine or imprisonment, etc., is the same as to say that the establishment shall be deemed a nuisance." New Orleans v. Liberty Shop, 157 La. 26, 101 So. 798, 799, 40 A. L. R. 1136.

"An act injurious to the public welfare may be restrained without calling it a nuisance. We are concerned not with words, but with rights." Inhabitants of York Harbor v. Libby, 126 Me. 537, 140 A. 382, 387.

It can hardly be said that the violation of this ordinance amounts to a crime. City of Tucumcari v. Belmore, 18 N. M. 331, 137 P. 585. The ordinance does not in terms provide for the collection of the penalty by imprisonment. Whether the penalty can or cannot be so collected is not before us. But, if it may, payment will avoid the coercive effect of imprisonment, and in the meantime the fire hazard created by the violation will continue. Its actual removal as a statutory or common-law nuisance, whichever or both it happens to be, is the only adequate relief in the premises. We think the remedy afforded by the ordinance in question cannot be said to be always adequate, nor do we deem it exclusive.

In our opinion, this ordinance in effect, though not in terms, declares the conditions proscribed to constitute a public nuisance. The right of the state, or its governmental agencies, within reasonable limits to thus declare a certain thing, or a certain use of property, a public nuisance, in the interest of the public safety and welfare, has been upheld by this court. Eccles v. Ditto, 23 N. M. 235, 167 P. 726, L. R. A. 1918B, 126. And in the case of a public nuisance the right to the remedy by injunction, as affording a more effectual and adequate remedy than a court of law, is generally extended, notwithstanding the creation or maintenance of same is indictable at law. 14 R. C. L. § 80, p. 379.

Nor was the appellee precluded from having the relief sought by reason of its failure to allege or prove pecuniary damage or injury to itself in its corporate capacity. See

[redacted]

under topic "Municipal Corporations," 19 R. C. L. § 177, p. 878; City of Sturgeon v. Wabash Ry. Co., 223 Mo. App. 633, 17 S.W.(2d) 616; Re Debs, 158 U. S. 564, 15 S. Ct. 900, 39 L. Ed. 1092. The author of the text in Ruling Case Law just cited states the rule as follows: "And by the weight of authority a municipality may, at least in the absence of any other special remedy available to it, maintain a suit to enjoin or abate a nuisance which affects matters that have been confided to it as a governmental agency, even though it suffers no special damage as is necessary to sustain a suit on the theory of a private nuisance."

Although the court refused at appellant's request to find favorably to him regarding other claimed or permitted violations of the ordinance, or the alleged general disregard thereof, we doubt that a finding in accord with his contentions, restricted to proof of violations of the ordinance in question, would have aided him. Unquestionably, certain violations of the particular ordinance were shown. But much, if not most, of the proof tendered on this phase of the case related to alleged violations of a former ordinance, not before the court, and, in fact, superseded by this one. We do not consider (and apparently from its finding neither did the trial court) that there was here shown such open and general violation by the public of the ordinance in question, acquiesced in by the municipal authorities, as would deny to the town the aid of equity in enforcing compliance with it.

This is not to say that such a state of facts may not exist in another case. Ordinarily it is not within the power of the officers or agents of a municipality by acts or conduct to tie its hands through estoppel in the exercise of its governmental, as distinguished from its private or proprietary, functions. City of Lewiston v. Grant, 120 Me. 194, 113 A. 181; Bates v. City of Monticello, 173 Ky. 244, 190 S. W. 1074; Building Commission v. Kunin, 181 Mich. 604, 148 N. W. 207, Ann. Cas. 1916C, 959. Nevertheless, we are not yet prepared to announce that equity will always and as of course extend injunctive relief in the enforcement of a municipal ordinance which, up to the time of seeking such relief, the municipality has permitted to be generally and openly disregarded. This appeal does not present a record calling for commitment on the question. Likely, each case will have to be determined on its own facts, with the power ever present in equity to extend the relief in a proper case.

Here, it seems to us, the trial court gave as much force to appellant's claim of estoppel as the equities called for when it confined the removal order to such of the buildings and portions thereof as were erected following notice to him of the town board's action in directing its attorney to stop the work. He must have known that all work completed from that time forward, at least, was at his peril.

It follows from what has been said that the decree of the lower court was proper and should be affirmed. It is so ordered.

WATSON and HUDSPETH, JJ., concur.

BICKLEY, C. J., and PARKER, J., did not participate.