## City of Ashland v. Beckham, Commissioner of Business Regulation, et al.
(Decided Dec. 14, 1937.)

PORTER M. GRAY, JOHN T. DIEDERICH and JOHN STAN-
LEY for appellant.

HUBERT MEREDITH, Attorney General, A. E. FUNK, Assist-
ant Attorney General, S. S. WILLIS and VAN SANT & McKENZIE
for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is an action brought by the City of Ashland to enjoin D. C. Moore, Director of the Division of Motor Transportation, and J. C. W. Beckham, Commissioner of Business Regulation, from assuming jurisdiction to hear or entertain an application made by C. E. Fannin, doing business as Blue Ribbon Lines, for a certificate of convenience and necessity authorizing him to operate a bus line for the transportation of passengers for hire over certain streets and highways named in such application.

C. E. Fannin is the owner of a certificate of convenience and necessity issued by the Division of Motor Transportation for the year 1937 authorizing him to operate a bus line for the transportation of passengers for hire from a point 1,100 feet west of the corporate limits of Ashland through Ashland to Catlettsburg, Ky. This certificate authorized him to receive and discharge passengers in Ashland and at all intermediate points along the route. In September, 1937, Fannin filed an application for amendment and extension of his certificate so that as amended it would authorize him to operate a bus line along seven routes described in the application. At least two of the routes are wholly within the corporate limits of the City of Ashland, and the remaining routes extend from a point in the city to points outside the city, varying in distance from one-half mile to four miles from the corporate limits. Upon the filing of the application, the Director of the Division of Motor Transportation, pursuant to the provisions of section 2739j-47 of the Kentucky Statutes, fixed the time and place for a hearing thereof and mailed a written notice of such hearing to all persons, firms, and corporations, including the City of Ashland, who, in his opinion, might be affected by the issuance of the certificate.

Before the day set for the hearing, the City of Ashland filed this action in the Franklin circuit court, and a temporary restraining order was issued by the clerk enjoining and restraining the defendants from holding the hearing. In its petition, the plaintiff sought a declaration of rights under the Declaratory Judgment Act, Civil Code of Practice, sec. 639a—1 et seq., and asked the court to determine what jurisdiction, if any, the defendants have over the operation of motor vehicles carrying passengers for hire wholly within the corporate limits of the city, or within ten miles of its corporate limits. The defendants filed a demurrer to the petition and a motion to dissolve the temporary restraining order. The court dissolved the temporary restraining order issued by the clerk, and sustained the defendants' demurrer to the petition. The plaintiff declined to plead further, and its petition was dismissed.

We think the ruling of the circuit court to the effect that appellant is not entitled to injunctive relief is correct. Chapter 104 of the Acts of 1932, as amended, now sections 2739j-43 to 2739j-97, inclusive, of the Kentucky Statutes 1936 Ann. Supp. 1937, sec. 2739j-42, regulates and governs "the transportation for hire of persons and property by motor vehicles on public highways." The administration of the act was assigned to the State Tax Commission. By an act passed by the General Assembly at its first extra session in 1936, c. 1, the Department of Business Regulation was created, and all the administrative functions of the state in relation to the supervision of motor transportation for hire were assigned to it. Ky. Stats., sec. 4618-113. By the same act, it was provided that the Division of Motor Transportation, one of the divisions of the Department of Business Regulation, should have and exercise all the functions in relation to the regulation of motor vehicles for hire and of their operation theretofore provided by law and assigned to the Department of Revenue and Taxation. Ky. Stats., sec. 4618-115. Under these acts, the appellee, D. C. Moore, Director of the Division of Motor Transportation, has jurisdiction to hear applications and to grant or refuse certificates of convenience and necessity to operate motor vehicles for hire over the highways of Kentucky. Section 2739j-48 grants to any person, firm, or corporation having an interest in the subject-matter the right to file a protest to the granting in whole or in part of the application, and if the application is granted any person who has filed a protest may

appeal to the Franklin circuit court, and if the order granting the application is confirmed by that court he may appeal to the Court of Appeals. Ky. Stats., secs. 2739j-86 and 2739j-88. The section allowing appeals to the Court of Appeals provides that such appeals shall have precedence of other appeals pending. It is plain that appellant has an adequate remedy by appeal from the decision of the Director of the Division of Motor Transportation if that decision is adverse to its interests. It is averred in the petition that the plaintiff will suffer great and irreparable injury unless the defendants are enjoined from assuming jurisdiction of the application and holding the hearing thereon, but no facts are alleged in support of the averment. A mere general allegation that the injury will be of such character is not sufficient. The remedy provided by the statute is complete, adequate, and speedy. Under these circumstances, an injunction will not be granted. Robinson v. Town of Paintsville, 199 Ky. 247, 250 S. W. 972; Johnson v. Doublin, 167 Ky. 667, 181 S. W. 347.

The Director of the Division of Motor Transportation has jurisdiction to hear the application for a certificate of convenience and necessity, and to determine whether it shall be granted in whole or in part, or refused. It will not be assumed that he will not be governed in his decision by the statutes as construed by this court. The appellant alleged in its petition that the appellees would issue the certificate applied for by C. E. Fannin; but this was a conclusion of the pleader. As was said in Hamlin v. Durham, 235 Ky. 842, 32 S. W. (2d) 413, 414, "An injunction will not be granted on the ground merely of anticipated danger or in apprehension of it, but there must be at least a reasonable probability that the injury will be done if no injunction is granted."

The circuit court properly declined to declare the rights of the parties. The petition itself disclosed that a case was then pending in this court, in which the City of Ashland was appellant and C. E. Fannin was appellee, involving the very questions the city sought to have adjudicated in this action. The Declaratory Judgment Act cannot be invoked under such circumstances. Jefferson County v. Chilton, 236 Ky. 614, 33 S. W. (2d) 601; Shearer v. Backer, 207 Ky. 455, 269 S. W. 543.

Since the judgment in this action was entered in

the Franklin circuit court, the case referred to in appellant's petition has been decided. City of Ashland et al. v. C. E. Fannin, etc., et al., 271 Ky. 270, 111 S. W. (2d) 420. It was there held that the Director of the Division of Motor Transportation is without power to issue a certificate covering operations exclusively within the limits of a city or incorporated town, but that he does have the power to issue certificates covering operations of motor vehicles for hire between a city or town and points beyond the corporate limits of such city or town and within ten miles of the corporate limits thereof.

The judgment is affirmed.