**C.A. WOODALL, III, Movant,**

v.

**GRANGE MUTUAL CASUALTY COMPANY, Respondent.**

Supreme Court of Kentucky.

April 20, 1983.

H.B. Quinn, Cadiz, for movant.

Paul Turner, Hopkinsville, for respondent.

Lee E. Sitlinger, Bennett, Bowman, Triplett & Vittitow, Louisville, amicus curiae.

STEPHENS, Chief Justice.

This appeal raises issues concerning the appropriateness and reasonableness of the award of an attorney's fee made pursuant to KRS 304.39–070(5). The award was made to an attorney representing a secured person in an action against a tort-feasor involved in a vehicular collision for recovering for that secured person's insurance carrier, the reparation's obligor, reparation benefits previously paid to the secured person.

Movant, C.A. Woodall, III, was the personal attorney for M.H. and Alice Propst in a tort action filed against Anthony and Gail Furrow for injuries arising out of a vehicular accident. Respondent, Grange Mutual Casualty Company, pursuant to KRS 304.-39–070(3), intervened in the action to assert its statutory right of subrogation based on its payment to its insured, the Propsts, of $3,724.91 in basic reparation benefits. This amount of reparation benefits was stipulated by the parties. Grange employed its own attorney, Robert Fears, to represent its interests in the action. Fears was paid $1,000 by Grange for his services.

A jury verdict awarded the Propsts more than $10,000, which included $3,724.91 representing a reimbursement of the reparation benefits advanced to the Propsts by Grange. After judgment was entered, the insurance carrier for the tort-feasor tendered a check for $3,724.91 payable to Grange, Fears, and Woodall.

Thereafter, Woodall filed a supplementary complaint of his own against Grange for an attorney's fee equaling one-third of the $3,724.91, the recovered benefits. After a hearing, the trial court awarded Woodall $1,240.40, the sum he demanded from Grange.

Grange appealed to the Court of Appeals, alleging that Woodall was not entitled to an attorney's fee from Grange under KRS 304.39–070(5) for basic reparation benefits recovered for Grange. The Court of Appeals upheld the trial court's awarding of a fee to Woodall by holding that KRS 304.39–070(5) mandatorily grants an attorney representing an injured secured person entitlement to a reasonable fee. However, the Court of Appeals remanded the case to the trial court for recomputation of the fee based on the following criteria: (1) any conflict of interest the secured person's attorney may have, (2) any duplication of work performed by the secured person's attorney and the attorney for the secured person's reparations obligor, (3) the amount of benefits to be reimbursed, (4) who "carried the ball" in securing the reimbursed benefits, and (5) the degree of diffi-

culty in securing the benefits reimbursement. We granted Woodall's motion for discretionary review.

KRS 304.39–070(5) reads as follows:

(5) An attorney representing a secured person in any action filed under KRS 304.39–060 shall be entitled to a reasonable attorney's fee in the event that reparation benefits paid to said secured person by that secured person's reparation's obligor are reimbursed by any insurance carrier on behalf of a tort-feasor who is the defendant in any such action filed by the said secured person or in the event such potential "action" is settled by said potential tort-feasor's insurance carrier on his behalf prior to the filing of any such suit.

The language of the statute, though recondite, clearly mandates a reasonable attorney's fee for the secured person's attorney (here, Woodall) when that attorney, in an action against or a settlement with a tort-feasor (here an action against the Furrows), recovers for the reparation's obligor (here Grange) a reimbursement of benefits, previously paid by the reparation's obligor to the secured person, from the tort-feasor's insurance carrier. Here, Woodall is entitled to a reasonable attorney's fee because he was the attorney for the Propsts in a tort action against the Furrows in which the amount recovered included the $3,724.91 paid by the Furrows' insurance carrier to Grange for reimbursement of benefits. Accordingly, the decision of the Court of Appeals as to the appropriateness of awarding a fee to Woodall is affirmed.

We now turn to a consideration of whether the fee in this case was reasonable. After a hearing, the trial court awarded a fee of $1,240.40 to Woodall. There is nothing in the order awarding the fee or in this record on appeal that indicates the trial court considered this amount to be unreasonable.

We are not inclined to ask the trial court, in fixing a reasonable fee, to consider either the criteria set out by the Court of Appeals in its opinion, or the criteria urged upon us by counsel for the respondent. We leave it within the sound discretion of the trial court to determine the reasonableness of an attorney's fee awarded pursuant to KRS 304.39–070(5). Absent a showing of an abuse of that discretion, this court will not disturb the award of the trial court. We find no abuse of discretion in this case.

Accordingly, that part of the decision of the Court of Appeals remanding to the trial court for purposes of recomputing the amount of the fee is reversed, and the judgment of the Trigg Circuit Court is affirmed.

All concur.