(68 P.3d 165)
No. 88,723

ABDIWALI ABDI MUSSE, *Plaintiff/Appellee*, and ALLSTATE INDEMNITY COMPANY, *Intervenor/Appellant*, v. ARNULFO GARCIA, *Defendant/Appellee*, and AHMED B. SHEIKH-MOHAMMED, and HUSSEIN B. SHEIKH-MOHAMMED, *Intervenors/Appellees*.

Opinion filed May 9, 2003.

*Paul Hasty, Jr.*, and *James L. MowBray*, of Wallace, Saunders, Austin, Brown & Enochs, Chartered, of Overland Park, for appellant.

*John L. Carmichael*, of Wilson, Lee, Gurney, Carmichael & Hess, of Wichita, for appellees.

Before PIERRON, P.J., KNUDSON, J., and PATRICK D. MCANANY, District Judge, assigned.

KNUDSON, J.: Allstate Indemnity Company intervened in its insured's third-party litigation against a tortfeasor to protect its lien for personal injury protection (PIP) benefits that had been paid. Ultimately, the third-party litigation was settled, and the district court awarded the insured's attorney 25% of the PIP subrogation recovery as attorney fees. Allstate appeals, contending the law does not provide for the apportionment of attorney fees under the uncontroverted facts of the case and, alternatively, the apportionment was grossly unfair.

We affirm.

The parties agree there was a recovery of $23,535.22 duplicative of PIP benefits and that a 35% contingent fee was reasonable.

What is at issue is the district court's attorney fees award of 25% to the insured's attorney with only 10% to Allstate's attorney.

Allstate's argument is straightforward—K.S.A. 40-3113a(e) is not applicable where the insurer retained its own attorney who intervened and was solely responsible for the recovery of PIP benefits that had been paid.

K.S.A. 40-3113a(a) provides that an injured person who has received PIP benefits has the right to sue the tortfeasor who caused the injury. The insurance company is entitled to subrogation "to the extent of duplicative [PIP] benefits provided" and a lien in that amount, as well as the right to intervene in the action to protect its lien. K.S.A. 40-3113a(b). K.S.A. 40-3113a(e) states that "the court shall fix attorney fees which shall be paid proportionately by the insurer . . . and the injured person . . . in the amounts determined by the court."

Interpretation of a statute is a question of law, and the appellate court's review is unlimited. *Babe Houser Motor Co. v. Tetreault*, 270 Kan. 502, 506, 14 P.3d 1149 (2000).

Unfortunately, we do not have a bright-line case that specifically considers application of K.S.A. 40-3113a(e) under the facts in this litigation. However, a panel of our court has previously stated:

"[K.S.A. 40-3113a(e)] does give the insurer authority to intervene in its insured's action to protect its lien and right of subrogation, and gives the trial court the right to determine the entire fee question after judgment. *If it does intervene the insurer obviously will incur additional attorney fees, but will not be relieved of its obligation to the insured's attorney. Cf. Potts v. Goss*, 233 Kan. 116, [660 P.2d 555 (1983),] where, although it didn't intervene, the company hired counsel to observe and eventually brought an independent action. Despite the obvious additional expense, the company was found liable for its share of fees and its contention to the contrary was found to be frivolous." (Emphasis added.) *American Family Mut. Ins. Co. v. Griffin*, 9 Kan. App. 2d 482, 486, 681 P.2d 683 (1984).

The dicta in *Griffin* is the only time a Kansas court has addressed this precise issue. However, the Supreme Court of Kentucky has applied a similar statute in the way suggested by *Griffin*. In *Woodall v. Grange Mut. Cas. Co.*, 648 S.W.2d 871 (Ky. 1983), the insured plaintiff's attorney, Woodall, filed a supplementary complaint against the plaintiff's insurance company, Grange, seeking

attorney fees. Woodall had filed suit on behalf of the plaintiffs, and the jury awarded them a $10,000 judgment. $3,724.91 went to Grange to cover "basic reparation benefits" paid to the plaintiffs.

Woodall argued that even though Grange had intervened in the injured plaintiff's lawsuit and obtained independent counsel, he was still entitled to attorney fees under the applicable Kentucky statute, which read as follows:

> " 'An attorney representing a secured person in any action filed under KRS 304.39-060 shall be entitled to a reasonable attorney's fee in the event that reparation benefits paid to said secured person by that secured person's reparation's obligor are reimbursed by any insurance carrier on behalf of a tort-feasor who is the defendant in any such action filed by the said secured person or in the event such potential "action" is settled by said potential tort-feasor's insurance carrier on his behalf prior to the filing of any such suit.' " *Woodall*, 648 S.W.2d at 873.

The *Woodall* court construed the language of the applicable statute to mandate a reasonable attorney fee to Woodall for his work in recovering the reimbursement of benefits, despite the fact that Grange had hired independent counsel to intervene and represent its interests in the action. The court found no abuse of discretion in the trial court's decision to award Woodall 33% of Grange's subrogation recovery as attorney fees. 648 S.W.2d at 873.

Our own statute is similar to the one construed in *Woodall*. Kentucky's "basic reparation benefits" includes net loss suffered through the operation, maintenance, or use of a motor vehicle including: medical expenses, work loss, replacement services loss, survivor's economic loss, and survivor's replacement services loss. Ky. Rev. Stat. Ann. § 304.39-020(2) and (5) (Michie/Bobbs-Merrill 2001). In Kansas, "[p]ersonal injury protection benefits" include: disability benefits, funeral benefits, medical benefits, rehabilitation benefits, and survivors' benefits. K.S.A. 40-3103(q).

Applying the statutory interpretations of *Griffin* and *Woodall* to our statute, the language indicates that the fact that the insurance company has retained their own counsel does not exempt it from payment of attorney fees under K.S.A. 40-3113a(e). The statute allows for the proportionate payment of attorney fees if, as in this case, the trial court determines the plaintiff's attorney has performed work leading to the recovery of PIP benefits.

In *Ballweg v. Farmers Ins. Co.*, 228 Kan. 506, 618 P.2d 1171 (1980), the Kansas Supreme Court determined K.S.A. 40-3113a(e) requires the payment of attorney fees by the insurance company for PIP reimbursement even if the same company insures the plaintiff and the defendant in the underlying negligence suit and settlement.

"We hold: The PIP insurer received the benefit of the efforts of the injured insured's attorney whose efforts brought about the compromise and settlement in a binding legal fashion. [K.S.A. 40-3113a(e)] authorizes and directs a court to fix reasonable attorney fees to be paid proportionately by the insurer and the injured person, and this is true even though one insurance carrier may have insured all relevant persons involved in the accident out of which personal injury protection benefits became due." 228 Kan. at 511.

Just as the court in *Ballweg* determined the statute made no exception when one insurance company represents both parties to the lawsuit, the statute makes no exception when an insurance company has retained independent counsel to pursue an appeal.

Allstate argues *Howard v. Edwards*, 9 Kan. App. 2d 763, 689 P.2d 911 (1984), and *Bardwell v. Kester*, 15 Kan. App. 2d 679, 815 P.2d 120 (1991), stand for the proposition that Kansas courts have refused to allow attorney fees because the plaintiff's attorney did not recover the PIP benefits. Both cases involved a recovery by the insurance companies independent of PIP subrogation; therefore, the courts refused to apply K.S.A. 40-3113a(e). In this case, the recovery was made through PIP subrogation and the analysis used by the above-cited cases does not apply in the manner argued by the appellant.

Allstate also argues the percentage apportionment was grossly unfair and not supported by substantial competent evidence. In short, Allstate argues its attorney did all of the work necessary to obtain recovery of the PIP benefits that had been paid.

Unfortunately for Allstate, the district court found: "Allstate's counsel's involvement in this matter was minimal at best and the bulk of the work was performed by [plaintiff's attorney]."

We are convinced the district court was intimately familiar with the litigation and was in the best position to determine which attorney had performed the bulk of the work leading to settlement

of the PIP reimbursement. Who did what and for whom are uniquely factual questions best left to the trial bench to decide. After reviewing the record, we are not persuaded the district court abused its discretion. See *Davis v. Miller*, 269 Kan. 732, 748, 7 P.3d 1223 (2000).

We conclude by noting Allstate attempts to raise a constitutional issue for the first time on appeal. Accordingly, we will not address the issue. See *Dalmasso v. Dalmasso*, 269 Kan. 752, 765, 9 P.3d 551 (2000).

Affirmed.