RENDERED: JULY 11, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0797-MR

KEVIN STICH                                        APPELLANT

                     APPEAL FROM JEFFERSON CIRCUIT COURT
v.                 HONORABLE SUSAN SCHULTZ GIBSON, JUDGE
                     ACTION NO. 20-CI-002044

DALE MATTINGLY; KEVIN M.
DORAN; LEVEL UP FITNESS, LLC;
MAKENZIE ACKERMANN; AND
PAUL R. SCHURMAN, JR.                            APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, L. JONES, AND TAYLOR, JUDGES.

COMBS, JUDGE: Kevin Stich appeals a supplemental judgment of the Jefferson Circuit Court. That judgment was entered after the trial court had granted the motion of Stich's judgment creditor, Dale Mattingly, for additional attorney's fees.

Mattingly incurred the fees in connection with his attempt to enforce the court's original judgment.

Stich contends that the circuit court lacked jurisdiction to grant Mattingly's motion and -- furthermore -- that Mattingly failed to file the appropriate "supplemental pleading." In the alternative, Stich argues that the circuit court erred by failing to apply a "lodestar" review of the fees sought. After our review, we affirm.

This is the third appeal filed by Stich in the course of these proceedings. The following facts are derived from the trial court's record and from our earlier decision in the parties' first appeal to this Court, *Stich v. Mattingly*, 709 S.W.3d 277 (Ky. App. 2024), *review denied* (Apr. 16, 2025).

On March 20, 2020, Mattingly filed a civil action against Stich. In his complaint, Mattingly alleged that Stich contracted with him to lease commercial property in Louisville and that Stich breached that contract by failing to pay Mattingly the consideration to which he was entitled. Stich was timely served with Mattingly's complaint, but he failed to answer or otherwise to enter an appearance. Accordingly, Mattingly moved the circuit court for a default judgment. In its order entered on April 28, 2020, the circuit court granted Mattingly's motion for default judgment with respect to liability and set a hearing to determine damages. Although Mattingly appeared at the damages hearing and presented proof, neither

Stich nor anyone acting on his behalf attended. On August 24, 2020, the circuit court entered a judgment against Stich for "$73,458.74[,] plus court costs and attorney's fees in the amount of $910.00."

On October 22, 2020, Mattingly filed a motion pursuant to the provisions of KRS[1] 275.260 to be charged with Stich's interest in seven separate limited liability companies in order to satisfy the judgment. The trial court granted Mattingly's motion and entered a separate charging order for each of the seven companies. Thereafter, with the assistance of counsel, Stich entered his appearance. For the next several months, Mattingly unsuccessfully attempted to collect on the judgment.

On June 15, 2022, pursuant to the provisions of KRS 275.260(4), Mattingly moved the circuit court for foreclosure of Stich's interest in one of the limited liability companies by way of a judicial sale to be conducted by the Master Commissioner at public auction. Stich did not object to the fact that Mattingly could seek to foreclose on the charging order; however, he asserted that the only interest subject to foreclosure was his right to receive distributions up to the amount of the judgment and not his (Stich's) entire interest in the company. The circuit court observed that Stich was the sole member of the limited liability company and concluded that his position was unsupported by applicable law.

[1] Kentucky Revised Statutes.

After the circuit court denied Stich's motion to alter, amend, or vacate the foreclosure order, he appealed to this Court. On appeal, we concluded that Stich's **entire** transferable interest in the company was subject to foreclosure -- not merely his rights to distributions up to the amount of the judgment. In a decision rendered in May 2024, we affirmed the circuit court's foreclosure order. The Supreme Court of Kentucky then denied discretionary review.

In August 2022, as a result of the protracted nature of the litigation, Mattingly filed a motion for a supplemental judgment for the additional attorney's fees that he had incurred since the trial court's original judgment of August 24, 2020. Stich objected, arguing that the court lacked jurisdiction. The circuit court granted the motion, and in its order entered on December 13, 2022, concluded as follows:

> when additional litigation is necessary to collect the judgment, or when the prevailing party is required to expend additional sums to answer the multiple motions filed in an attempt to delay the proceedings, additional attorney's fees may be awarded, and the Court has jurisdiction to do so.

As the basis for its conclusion, the circuit court relied on our decision in *Louisville-Jefferson County Metro Government v. Brooks*, No. 2012-CA-001141-MR, 2013 WL 4512649 (Ky. App. Aug. 23, 2013). Noting that the parties' agreement itself provided for the payment of attorney's fees upon default, the trial court ordered Mattingly to supplement his motion by filing invoices setting forth the hourly rates

-4-

and hours worked by counsel but excluding fees properly charged to the foreclosure action handled by another division of the circuit court. Mattingly filed the required supplemental materials on January 5, 2023.

On January 7, 2023, Stich filed a notice of appeal to this Court. Proceedings in the circuit court ground to a halt -- with the circuit court not issuing an order setting an amount for the attorney's fee award. By our order entered on June 30, 2023, the appeal was dismissed because Stich's appeal had been taken from an interlocutory order. The Supreme Court of Kentucky again declined discretionary review.

On May 9, 2024, Mattingly filed another motion for supplemental judgment. He now sought additional amounts for legal services incurred from January 2023 forward. Again, Stich objected on procedural grounds.

By order entered on June 6, 2024, the circuit court concluded that Mattingly was entitled to recover an additional $92,139.27 for his attorney's fees; $4,020.93 for costs incurred; and interest. The court observed that Stich had made it "abundantly clear" that rather than pay the judgment **which he never challenged**, he intended to "extract[] the maximum financial hardship on [Mattingly] to his own detriment." (Emphasis added.) It observed that Stich had not challenged the reasonableness of the services rendered, "nor could [he], since [Stich] unilaterally necessitated nearly all of them." The court found specifically

-5-

that the fees and costs incurred were both necessary and reasonable. This appeal followed.

In this appeal, Stich argues first that the circuit court lost jurisdiction to make an award for additional attorney's fees because the judgment of August 24, 2020, became final before Mattingly filed his motion. Because jurisdiction is an issue of law, we review the trial court's holding *de novo*. *Monin v. Monin*, 156 S.W.3d 309 (Ky. App. 2004).

In his brief, Stich appears to concede that our caselaw holds that trial courts retain supplemental judgment jurisdiction and that we have specifically authorized awards of attorney's fees and costs outside the ten-day period following entry of judgment.

Mattingly cites our decision in *Brooks*, *supra*. In *Brooks*, Kelvin Brooks and Donna Martin prevailed in their civil rights action against Louisville-Jefferson County Metro Government. The litigation included two jury trials and numerous appellate proceedings, and the attorney's fees incurred were substantial. Upon the motion of Brooks and Martin, the trial court amended its judgment against the government to include $242,901 in attorney's fees.

The government appealed from the amended judgment, and Brooks and Martin cross-appealed. We affirmed the judgment in all respects except the award of lost wages to Martin. We remanded the matter to the Jefferson Circuit

Court, which rendered an order and supplemental judgment on July 15, 2011, conforming to our opinion. The government tendered a check to Brooks and Martin in the amount of $949,910, representing full satisfaction of the supplemental judgment, including attorney's fees. Brooks and Martin declined to accept the payment as full satisfaction, claiming that they were also entitled to post-judgment interest. Thereafter, the circuit court awarded post-judgment interest at the rate of 12%.

Subsequently, Martin filed a motion to modify the amount of attorney's fees set out in the 2011 order and supplemental judgment to include attorney's fees incurred in preparation for the second appeal. The government responded and argued that the circuit court had lost jurisdiction to amend the supplemental judgment because the motion to modify the attorney's fees award was filed more than 10 days after entry of the judgment. (During the pendency of the motion, the government filed a notice of appeal. As a basis for the appeal, the government argued that the circuit court erred in awarding 12% interest. Ultimately, we affirmed the supplemental judgment.)

On June 4, 2012, the Jefferson Circuit Court rendered an order granting Martin's renewed motion for additional attorney's fees in the amount of $29,750. The order contained a handwritten notation that "hearing [was] conducted [on] Oct. 25, 2011." The government appealed.

In a fourth appeal, the government argued that the Jefferson Circuit Court erred by granting Martin's motion for additional attorney's fees in the amount of $29,750 for work performed by Martin's counsel in preparation for the second appeal. The government noted that the final order and supplemental judgment had been entered on July 15, 2011, and that our rules of civil procedure required all motions to amend the judgment to be filed within ten days. It argued that the circuit court had lost jurisdiction over the action before Martin moved for an award of additional attorney's fees because its supplemental judgment left nothing for later adjudication, becoming final as a matter of law.

We referred to our rules of civil procedure providing that a motion to alter, amend, or vacate a judgment must be served not later than ten days after entry of judgment. We observed that this rule was derived from the broader common law recognizing that a court ultimately loses jurisdiction following its judgment. However, we noted exceptions to the rule of finality. For instance, we observed that the Kentucky Supreme Court recognized that the procedural rule depriving the trial court of jurisdiction to amend its final judgment more than 10 days after the judgment did not deprive the trial court of jurisdiction to render a supplemental judgment awarding costs. *Brett v. Isaac*, No. 2008-SC-000712-MR, 2009 WL 2707092 (Ky. 2009).

In *Brett*, the Supreme Court of Kentucky noted that our finality rule deprives trial courts of jurisdiction to make **new findings** after ten days. While the Court agreed that the rule is clear that a trial court loses **jurisdiction to amend** its final judgment ten days after the final judgment was entered, the rule is "not to be read to deprive a trial court of all jurisdiction." *Id.* at *2. The Court observed that the provisions of CR[2] 60.01 allow courts to correct clerical mistakes anytime; that the provisions of CR 60.02 allow newly discovered evidence to be considered one year after a final judgment; and that fraud, "or any other reason of an extraordinary nature justifying relief," may be considered within a reasonable time after entry of judgment. *Id.*

We also noted in *Brooks*, *supra*, that years after *Brett* was decided, we applied its rationale to decide *Nationwide Insurance Company v. Madison*, No. 2011-CA-001614-MR, 2012 WL 6213794 (Ky. App. Dec. 14, 2012). In *Madison*, we specifically concluded that "awarding attorneys' fees and costs . . . more than ten days after entry of the judgment is permissible . . . ." *Id.* at *3.

Relying upon these cases for guidance, we affirmed the supplemental judgment of the Jefferson Circuit Court in *Brooks* because we concluded that the court retained authority to award costs and fees beyond the ten days after which it otherwise lost jurisdiction to amend the judgment, to order a new trial, or to vacate

---

[2] Kentucky Rules of Civil Procedure.

its judgment. Separately, we held that the trial court did not abuse its discretion by awarding the additional attorney's fees incurred as a result of the government's decision to appeal.

The same analysis applies here. The Jefferson Circuit Court did not lack jurisdiction to entertain Mattingly's motion for additional attorney's fees incurred as a consequence of his attempts to enforce the court's judgment against Stich. In conjunction with this argument, Stich contends that Mattingly was required to do more than to file a motion in order to invoke the trial court's jurisdiction to decide whether an additional award of attorney's fees was warranted. Stich claims that Mattingly was required to file a formal pleading instead. In light of the caselaw discussed above, this argument has no basis, relevance, or application.

Next, Stich contends that the trial court erred by failing to use the "lodestar" approach to compute the value of an award of attorney's fees. In support, he cites caselaw related to the computation of awards of attorney's fees authorized by statute. However, in this case, the parties had agreed through a specific contractual provision to allow for recovery of attorney's fees. Consequently, this award of attorney's fees was subject to the sound discretion of the trial court, and it will not be disturbed "[a]bsent a showing of an abuse of that discretion[.]" *Woodall v. Grange Mut. Cas. Co.*, 648 S.W.2d 871, 873 (Ky. 1983).

-10-

"The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Goodyear Tire & Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky. 2000) (citing *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)).

The trial court's award was based upon the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. The numerous supporting invoices were detailed. Nothing about the court's award of additional attorney's fees appears arbitrary, unreasonable, unfair, or unsupported by sound legal principles.

Therefore, we affirm the supplemental judgment of the Jefferson Circuit Court.

ALL CONCUR.

BRIEF FOR APPELLANT:

Harry B. O'Donnell IV
Louisville, Kentucky

BRIEF FOR APPELLEE DALE MATTINGLY:

Paul R. Schurman, Jr.
Makenzie Ackermann
Louisville, Kentucky