Sonia L. RICE, Appellant,

v.

David R. STEELE, Administrator with will Annexed of the Estate of Dorothy Stephens, Deceased, Appellee.

and

David R. Steele, Administrator with will Annexed of the Estate of Dorothy Stephens, Deceased, Cross–Appellant,

v.

Sonia L. Rice; Bobby Lee Vance; and James Everett Rice, Jr., Cross–Appellees.

Nos. 2008–CA–000308–MR, 2008–CA–000332–MR.

Court of Appeals of Kentucky.

Sept. 18, 2009.

Patrick E. Moeves, Brian Dean Russell, Ft. Wright, KY, for appellant/cross appellee, Sonia L. Rice.

Ronald L. McDermott, Covington, KY, for appellee/cross appellant, David R. Steele.

Before ACREE and LAMBERT, Judges; HARRIS,[1] Senior Judge.

## OPINION

LAMBERT, Judge.

Sonia Rice appeals the dismissal of five of her six claims against David R. Steele, as Administrator of the Estate of her mother, Dorothy Stephens (hereinafter "the Estate"). The Estate cross-appeals the partial summary judgment entered in favor of Sonia on her claim for restitution of funeral expenses. The Estate additionally moves this Court to dismiss Sonia's appeal for failure to join necessary parties. For the reasons stated herein, we grant the Estate's motion to dismiss Sonia's appeal, and we vacate and remand the partial summary judgment entered in favor of Sonia.

Dorothy Stephens died October 19, 2002, testate and the sole owner of real estate at 1101 Lee Street, Covington, Kentucky. The real estate was the only asset of her estate. Sonia lived with her mother, Dorothy, on Lee Street from 1980 until Dorothy's death in 2002. Sonia paid no rent.

On August 11, 1998, Dorothy purchased a $7,000.00 life insurance policy from United of Omaha Life Insurance Company, designating Sonia as the beneficiary. After Dorothy's death, Sonia made funeral arrangements and paid for the expenses out of the proceeds of the life insurance policy.

On April 21, 2003, Sonia's attorney filed a statement of claims with the Estate asserting Sonia was due $143,730.58. The statement claimed: (1) $6,844.00 for paid funeral expenses; (2) 2002 State and County real estate tax for the property on Lee Street in the amount of $535.91; (3) 2002 city real estate tax in the amount of $213.46; (4) delinquent real estate taxes in the amount of $4,439.81; (5) $26,797.40 representing funds allegedly belonging to Sonia used by Dorothy to purchase the Lee Street property; and (6) $104,900.00 for compensation for services rendered in the care of Dorothy. The Estate denied all claims.

On August 6, 2003, Sonia filed a complaint in Kenton Circuit Court for the monetary claims against the Estate. On May 2, 2007, Sonia filed a motion for summary judgment on all counts. The court granted partial summary judgment in Sonia's favor, finding that she was entitled to restitution of the funeral expenses, but the court dismissed her remaining claims. This appeal followed.

■ The Estate first argues that Sonia's appeal should be dismissed for failure to join necessary parties. Sonia admits in her response to the motion to dismiss that she did not specifically join her siblings, Bobby Vance and James Everett Rice, Jr., in her appeal as they "are heirs of the estate and thus a claim against the estate would include them." This is patently incorrect.

The Kentucky Supreme Court characterizes a necessary party as one whose interest would be divested by an adverse judgment. See West v. Goldstein, 830 S.W.2d 379 (Ky.1992). In an order entered January 23, 2004, the trial court compelled Sonia to join the other heirs, devisees, and creditors of the estate as necessary parties to her claim. Service was subsequently rendered to those necessary parties, and the record clearly reflects that Bobby Vance and James Everett Rice, Jr., were named defendants in the court below.

---

1. Senior Judge William R. Harris, sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

Thus, James and Bobby in their individual capacities were indispensable parties, an appeal could not be taken without naming them in their individual capacities, and the notice of appeal is, therefore, defective on its face. *See Slone v. Casey*, 194 S.W.3d 336, 337 (Ky.App.2006). It is well-established that failure to specifically name an indispensable party in the notice of appeal results in dismissal of the appeal. Ky. R. Civ. P. 19.02; *City of Devondale v. Stallings*, 795 S.W.2d 954 (Ky.1990). We hereby grant the Estate's motion to dismiss Sonia's appeal for failure to join necessary parties.

 The only remaining argument by the Estate is that the trial court erred in granting partial summary judgment on Sonia's claim of restitution relief for funeral expenses of $6,844.00. The Estate argues that the motion for summary judgment was not served on all necessary parties; therefore the judgment should be vacated and remanded. We agree with the Estate.

As discussed previously, in an order entered January 23, 2004, the trial court compelled Sonia to join the other heirs, devisees, and creditors of the estate as necessary parties to her claim. The motion for summary judgment was filed on March 2, 2007, and failed to name James or Bobby.

"An indispensable party is one whose absence prevents the Court from granting complete relief among those already parties." *Milligan v. Schenley Distillers, Inc.*, 584 S.W.2d 751, 753 (Ky.App. 1979) (overruled on other grounds). The trial court had already determined James and Bobby were indispensable parties, and it wrongfully ruled on a motion that failed to serve necessary parties. Hence, it is necessary to vacate the partial summary judgment in favor of Sonia with directions to join the necessary parties in any further motion for summary judgment on the lim-

ited issue of restitution relief for funeral expenses. All other issues of the motion for summary judgment have been dismissed per our analysis above.

We accordingly dismiss Sonia's appeal in its entirety, and we vacate and remand the partial summary judgment for proceedings consistent with this opinion.

ALL CONCUR.